and may thereafter be proved and allowed against his estate." Upon an application to the bankruptcy court under that section by the plaintiff, an order was made permitting him to proceed in the state court to liquidate his claim against the estate of the bankrupts, and directing that Clark, the trustee in bankruptcy of the estate of the defendants, be brought in as a party defendant in the action. The plaintiff's action is therefore continued for the purpose only of "liquidating" or ascertaining the amount of his claim against the defendants. This being the situation, all that there is to try in the action is what amount, if anything, did the defendants owe to the plaintiff before their discharge. in bankruptcy upon the claim sued upon, and the only purpose of determining this is that it may be ascertained how much the trustee in bankruptcy may lawfully allow to the plaintiff in the distribution of the assets of the bankrupts. The fact of bankruptcy is entirely immaterial in determining these questions, and the order striking out of the supplemental answer the allegation of defendants' discharge in bankruptcy was proper, and should be affirmed, with $10 costs and disbursements. All concur.

---

(85 App. Div. 110.)

PEOPLE ex rel. HAVRON v. DALTON, Commissioner, et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1903.)

1. CIVIL SERVICE REGULATIONS—REDUCTION OF SALARIES—NEGLECT TO FILE REASONS.

On February 7, 1898, a deputy commissioner of water supply, with the approval of the commissioner, reduced the salary of a person in the employ of his department, as he was expressly authorized to do by New York City Charter (Laws 1897, p. 537, c. 378, § 456), but filed no written reasons for his action with the head of department, and afforded the employé no opportunity for explanation, as required by Laws 1898, p. 446, c. 186, § 3. Held, that the deputy's action was valid without the filing of reasons therefor and giving opportunity for explanation, as Laws 1898, c. 186, did not take effect until March 13th of that year.

2. SAME—STATUTORY PROVISIONS—APPLICATION.

New York City Charter (Laws 1897, p. 541, c. 378, § 1543), providing that no clerk or head of a bureau shall be removed without opportunity for explanation, and that a statement showing the reason for removal shall be filed in the department, applies only to removal by heads of departments, and has no application to a reduction of salary of an employé by a deputy commissioner, with the approval of the head of department, as expressly authorized by section 456 (page 160) of the charter.

Appeal from Trial Term, Kings County.

Proceedings by the people, on the relation of David Havron, against William Dalton, as commissioner of water supply of the city of New York, and James Moffett, as deputy commissioner of water supply for the borough of Brooklyn, city of New York. From an order dismissing the writ, relator appeals. Affirmed.

The following is the opinion of Mr. Justice GAYNOR at Trial Term:

This case having been sent back by the Appellate Division for decision (see 78 N. Y. Supp. 1051), I hereby decide that the respondents are entitled to an order dismissing the writ and for judgments for costs against the relator.

83 N.Y.S.—21

The grounds of the decision concisely stated are as follows:

Said David Havron was appointed to his position in the month of April, 1897, as steamfitter in the department of water supply in the then city of Brooklyn by the then commissioner of city works, Theodore B. Willis, pursuant to the civil service rules and regulations, the said appointment being at a salary of $1,050 per annum.

On or about December 28, 1897, the city works commissioner increased said Havron's salary to $1,200 per annum.

Said Havron was transferred to the service of the Greater New York pursuant to the provisions of section 1536 of the charter. Laws 1897, p. 537, c. 378.

On February 7, 1898, James Moffett, the deputy commissioner of water supply for the borough of Brooklyn, with the approval of William Dalton, the commissioner, reduced the salary of said Havron to $1,050, the same salary that he was receiving just prior to the increase made by Commissioner Willis above referred to. This action was taken in pursuance of the provisions of section 456 of the charter of 1897, Laws 1897, p. 160, c. 378. It was not essential to the validity of this action that the reasons for such reduction be filed and opportunity be given to explain, because chapter 186, p. 446, of the Laws of 1898 embodying these requirements did not become a law until March 31, 1898.

The provisions of section 1543 of the charter (Laws 1897, p. 541, c. 378) applied only to cases of removal by heads of departments and had no application to a reduction of this kind made by a deputy commissioner pursuant to the provisions of the statute expressly empowering him to fix and to regulate salaries with the approval of the head of the department.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Cahill, Geismar & Phillips, for appellant.

Geo. L. Rives, Corp. Counsel, for respondents.

PER CURIAM. Order affirmed, with $10 costs, upon the grounds stated in the decision of Mr. Justice GAYNOR.

---

(85 App. Div. 475.)

## MIX v. HAMBURG–AMERICAN S. S. CO.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. DEATH—ACTION FOR NEGLIGENT DEATH—DAMAGES—EVIDENCE—ADMISSIBILITY.

Under Code Civ. Proc. § 1904, relating to actions for wrongful death, which provides that the damages awarded shall "be a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action was brought," it was error, in an action by a surviving wife for the death of her husband, to permit plaintiff to prove the present worth of the gross amount the decedent would have earned had he lived the time specified in the tables of mortality.

Appeal from Trial Term, New York County.

Action by Barbara Mix against the Hamburg-American Steamship Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.